UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ABIKADIR SAID ABDULLAHI,

    Petitioner,

v.

Case No. 2:16-cv-257
HON. GORDON J. QUIST

LORETTA LYNCH, et al.,

    Respondents.
_____/

REPORT AND RECOMMENDATION

    Petitioner Abikadir Said Abdullahi is a federal prisoner currently incarcerated in the Calhoun County Jail in Battle Creek, Michigan. Petitioner is in the custody of the United States Immigration and Customs Enforcement (ICE). Petitioner has filed an application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking a release from custody. Petitioner is a native and citizen of Somalia and was taken into ICE custody on June 23, 2015, after being placed on parole by the Michigan Department of Corrections. An Immigration Judge ordered Petitioner's removal to Somalia on July 28, 2015. Petitioner's removal order became final on August 28, 2015. At the time Petitioner filed this petition, Petitioner claims that Somalia would not issue travel documents and that he was born in Kenya, but that Kenya would not issue travel documents. On August 16, 2016, the Government of Somalia granted Petitioner Abdullahi's travel document. ICE removes aliens to Somalia by charter flight. Petitioner was recently moved to the Calhoun County Jail in Battle Creek, Michigan, from the Chippewa County Jail in Sault Sainte Marie, Michigan, to facilitate his deportation to Somalia.

Petitioner claims that his continued detention is unlawful and that he is entitled to release from custody pursuant to § 2241. An alien's detention pending removal from the United States is governed by Section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a). The law provides that when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days. 28 U.S.C. § 1231(a)(1)(A). During the removal period, the alien must be detained. 28 U.S.C. § 1231(a)(2). If the alien has not been removed within the 90 day period, the alien shall be subject to supervision under regulations prescribed by the Attorney General. 28 U.S.C. § 1231(a)(3). However, the statute provides that an alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period. 28 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court addressed the legality of post-order detention in the cases of two aliens previously admitted to lawful permanent resident status, but subsequently ordered deported. *Id.*, 533 U.S. at 684. The Court held that the "presumptively reasonable period of detention" in such cases was six months. *Id.* at 701. The Court stated that "[a]fter this six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* The Court further noted that for the detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably forseeable future' conversely would have to shrink." *Id.* Finally, the Court held that not every alien must be released after six months, and that an alien may be confined until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* In *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2004), the Sixth Circuit held that removable aliens may be detained for a time reasonably required to complete removal proceedings in a timely manner. *Id.* at 268. Should the process take an unreasonably long time, the detainee may seek relief in habeas proceedings.

*Id.;Habtegaber v. Jennifer*, 256 F. Supp. 2d 692, 696 (E.D. Mich. 2003). The post-order custody of deportable aliens such as Petitioner is reviewed under the procedures set forth at 8 C.F.R. §§ 241.4 and 241.13. The court notes that § 241.13 establishes procedures to determine whether there is a significant likelihood that an alien will be removed from the United States in the foreseeable future.

Respondent contends that Petitioner has not met his burden of showing that there is no significant likelihood of his removal from the United States within the foreseeable future. Travel documents have been obtained for Petitioner's removal to Somalia and his removal is imminent. ICE intends to have Petitioner's travel documents extended so that he can be placed on the next available charter flight to Somalia.

Accordingly, the undersigned recommends that Petitioner's request for habeas corpus relief be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  January 23, 2017                         */s/ Timothy P. Greeley*
                                                 TIMOTHY P. GREELEY
                                                 UNITED STATES MAGISTRATE JUDGE

3